THE LAW OFFICES OF MICHAEL A. LABAZZO, LLC
MICHAEL A. LABAZZO
Attorney for Defendant
1285 Sheridan Avenue, Suite 220
Cody, WY 82414
Telephone: 307.587.6115
Facsimile: 307.587.0252
mlabazzo@bresnan.net

BAIRD HOLM, LLP
STEVEN D. DAVIDSON
Attorney for Defendant
1700 Farnam Street, Suite 1500
Omaha, NE 68102
Telephone: 402.636.8227
Facsimile: 402.344.0588
sdavidson@bairdholm.com

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF WYOMING**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | ) | |
| HOSPITALITY MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12CV00095-F |
| | ) | |
| PINNACLE BANK – WYOMING | ) | |
| d/b/a PINNACLE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PINNACLE BANK – WYOMING ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT IN INTERVENTION**

Defendant Pinnacle Bank – Wyoming, by and through its counsel, Michael A. LaBazzo,

of The Law Offices of Michael A. LaBazzo, LLC, of 1285 Sheridan Avenue, Suite 220, Cody,

Wyoming, 82414, 307.587.6115, mlabazzo@bresnan.net and Steven D. Davidson of Baird

Holm, LLP, of 1700 Farnam Street, Suite 1500, Omaha, NE 68102, 402.636.8227,

sdavidson@bairdholm.com hereby files its Answer and Affirmative Defenses to Plaintiff's First

Amended Complaint in Intervention and responds as follows:

## ANSWER TO INTRODUCTION

1.      Defendant is without sufficient knowledge and information and therefore denies

the allegations contained in paragraph 1 of the First Amended Complaint.

2.      Defendant denies the allegations of paragraph 2 of the First Amended Complaint.

## ANSWER TO PARTIES

3.      Defendant admits the allegations of paragraph 3 of the First Amended Complaint.

4.      Defendant, Pinnacle Bank – Wyoming admits that it is a Wyoming corporation

with its principal office located at 1702 Sheridan Avenue, Cody, Wyoming. Except as

specifically admitted herein, Defendant denies the remaining allegations contained in paragraph

4 of the First Amended Complaint.

5.      Defendant is without sufficient knowledge and information and therefore denies

the allegations contained in paragraph 5 of the First Amended Complaint.

## ANSWER TO JURISDICTION AND VENUE

6.      Defendant admits the allegations of paragraph 6 of the First Amended Complaint.

7.      Defendant admits the allegations of paragraph 7 of the First Amended Complaint.

8.      Defendant admits that venue is proper in the District of Wyoming. Except as

specifically admitted herin, Defendant denies the remaining allegations of paragraph 8 of the

First Amended Complaint.

## ANSWER TO BACKGROUND

9.      Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 9 of the First Amended Complaint.

10.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 10 of the First Amended Complaint.

11.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 11 of the First Amended Complaint.

12.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 12 of the First Amended Complaint.

13.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 13 of the First Amended Complaint.

14.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 14 of the First Amended Complaint.

15.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 15 of the First Amended Complaint.

16.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 16 of the First Amended Complaint.

17.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 17 of the First Amended Complaint.

## ANSWER TO STATEMENT OF FACTS

18.     Defendant admits the allegations of paragraph 18 of the First Amended Complaint.

19.     Defendant admits that Pinnacle Bank and Tilden agreed to cooperate and submit a 504 loan application for the hotel project. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 19 of the First Amended Complaint.

20.     Defendant admits that Pinnacle Vice-President, Michael Schumacher, was the Bank employee primarily involved in the loan transaction with Tilden. Defendant further admits that Schumacher acted within the scope and course of his employment with Pinnacle and was authorized to act on behalf of the Bank. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 20 of the First Amended Complaint.

21.     Defendant admits the allegations of paragraph 21 of the First Amended Complaint.

22.     Defendant admits the allegations of paragraph 22 of the First Amended Complaint.

23.     Defendant is without sufficient knowledge and information regarding the date of the SBA's approval of Columbine's loan application and therefore denies the allegations of paragraph 23 of the First Amended Complaint. Defendant admits the remaining allegations of paragraph 23 of the First Amended Complaint.

24.     Defendant admits that attached as Exhibit "A" to the First Amended Complaint is a true and correct copy of the Authorization for Debenture Guarantee. Defendant further admits that the Authorization is the best evidence of the terms of the Authorization. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 24 of the First Amended Complaint.

25.     Defendant admits that it agreed with Tilden to move forward on the hotel project even though the revised estimated final construction costs were higher. Except as specifically

admitted herein, Defendant is without sufficient knowledge and information and therefore denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant admits that a true and correct copy of the Loan Commitment Letter is attached to the First Amended Complaint as Exhibit "B". Defendant further admits that the Loan Commitment Letter is the best evidence of its terms and conditions. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 26 of the First Amended Complaint.

27.     Defendant admits that the Loan Commitment Letter is the best evidence of its terms and conditions. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 27 of the First Amended Complaint.

28.     Defendant admits the allegations of paragraph 28 of the First Amended Complaint.

29.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 29 of the First Amended Complaint.

30.     Defendant admits that on or about April 2, 2008, Frontier CDC, through its designated attorney, requested that Pinnacle provide documentation needed to proceed with closing on the permanent financing. Except as specifically admitted herein, Defendant is without sufficient knowledge and information and therefore denies the remaining allegations of paragraph 30 of the First Amended Complaint.

31.     Defendant admits that as of April 4, 2008, Columbine had fully expended the $4,800,000 Construction Loan. Except as specifically admitted herein, Defendant is without sufficient knowledge and information and therefore denies the remaining allegations of paragraph 31 of the First Amended Complaint.

32.     Defendant admits that during the construction phase, until the Construction Loan had been fully expended, Pinnacle deducted monthly interest payments on the outstanding balance from the available balance of the Construction Loan. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 32 of the First Amended Complaint.

33.     Defendant admits the allegations of paragraph 33 of the First Amended Complaint.

34.     Defendant admits the allegations of paragraph 34 of the First Amended Complaint.

35.     Defendant admits the allegations of paragraph 35 of the First Amended Complaint.

36.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 36 of the First Amended Complaint.

37.     Defendant admits that on November 5, 2008, Schumacher, on behalf of Pinnacle, completed and signed the Interim Lender Certification and the Third Party Lender Agreement attached to the First Amended Complaint as Exhibits "C" and "D". Defendant further admits that Exhibits "C" and "D" are the best evidence of the terms and conditions thereof. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 37 of the First Amended Complaint.

38.     Defendant admits that on or about November 5, 2008, that Pinnacle and Tilden executed a mortgage modification securing a new promissory note in the original amount of $2,797,500.00, which was the Third Party Loan amount specified in the Authorization. Defendant further admits that it included an unsigned copy of the Note in the closing documents

provided to Frontier CDC. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 38 of the First Amended Complaint.

39.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 39 of the First Amended Complaint regarding the timing of the SBA's final loan approval and debenture funding of the 504 loan. Defendant admits that Tilden signed a commercial debt modification agreement with Pinnacle extending the maturity date of the Construction Loan, the HELOC, and the Working Capital Loan until January 1, 2009. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 39 of the First Amended Complaint.

40.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 40 of the First Amended Complaint.

41.     Defendant admits that it credited the Net Debenture Proceeds of $1,945,000.00 against its Construction Loan to Columbine, reducing the balance to $2,855,000.00. Defendant further admits it did not convert the remaining balance to a permanent Third Party Loan. Defendant further admits that the loan continued to accrue interest at the rate applicable to the Construction Loan, and was due in full at the maturity date of January 1, 2009. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 41 of the First Amended Complaint.

42.     Defendant admits the allegations of paragraph 42 of the First Amended Complaint.

43.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 43 of the First Amended Complaint.

44.     Defendant denies the allegations of paragraph 44 of the First Amended

Complaint.

45.     Defendant admits the allegations of paragraph 45 of the First Amended
Complaint.

46.     Defendant is without sufficient knowledge and information and therefore denies
the allegations of paragraph 46 of the First Amended Complaint.

47.     Defendant admits the allegations of paragraph 47 of the First Amended
Complaint.

48.     Defendant admits that it filed notices of claim in both bankruptcy proceedings for
the remaining balance of its Construction Loan and HELOC. Defendant also admits it continued
to use the 7.5% interest rate applicable to the Construction Loan to calculate its bankruptcy
claims. Defendant also admits that Tilden requested information from Pinnacle regarding the
interest rate. Except as specifically admitted herein, Defendant denies the remaining allegations
of paragraph 48 of the First Amended Complaint.

49.     Defendant admits that the letter dated March 25, 2011 is best evidence of its
content. Except as specifically admitted herein, Defendant denies the remaining allegations of
paragraph 49.

50.     Defendant is without sufficient knowledge and information and therefore denies
the allegations of paragraph 50 of the First Amended Complaint.

51.      Defendant admits that the letter dated May 19, 2011 is best evidence of its
content. Except as specifically admitted herein, Defendant denies the remaining allegations of
paragraph 51 of the First Amended Complaint.

52.     Defendant is without sufficient knowledge and information and therefore denies
the allegations of paragraph 52 of the First Amended Complaint.

53.     Defendant admits that confirmed plans of reorganization were entered by the bankruptcy court on December 21, 2011. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 53 of the First Amended Complaint.

54.     Defendant denies the allegations of paragraph 54 of the First Amended Complaint.

55.     Defendant admits that paragraph 6 of the Interim Lender Certification is the best evidence of its terms and conditions. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 55 of the First Amended Complaint.

56.     Defendant denies the allegations of paragraph 56 of the First Amended Complaint.

57.     Defendant admits the allegations of paragraph 57 of the First Amended Complaint.

58.     Defendant admits a notice of default and intent to foreclose was issued by Pinnacle on December 28, 2009. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 58 of the First Amended Complaint.

59.     Defendant admits that the March 25, 2011 letter is the best evidence of its content. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 59 of the First Amended Complaint.

60.     Defendant admits that the May 19, 2011 letter is the best evidence of its content. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 60 of the First Amended Complaint.

61.     Defendant admits the allegations of paragraph 61 of the First Amended Complaint.

62.     Defendant admits that on or about July 31, 2008 it made a Working Capital Loan to Columbine. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 62 of the First Amended Complaint.

63.     Defendant denies the allegations of paragraph 63 of the First Amended Complaint.

64.     Defendant admits that Columbine had fully expended the Working Capital Loan, when the Bank signed the Interim Lender Certification. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 64 of the First Amended Complaint.

65.     Defendants admits that paragraph 6 of the Interim Lender Certification is the best evidence of its terms and conditions. Except as specifically stated herein, Defendant denies the remaining allegations of paragraph 65 of the First Amended Complaint.

66.     Defendant admits that the Third Party Lender Agreement is the best evidence of its terms and conditions. Except as specifically stated herein, Defendant denies the remaining allegations of paragraph 66 of the First Amended Complaint.

67.     Defendant denies the allegations of paragraph 67 of the First Amended Complaint.

68.     Defendant admits that the Third Party Lender Agreement is the best evidence of its terms and conditions. Except as specifically stated herein, Defendant denies the remaining allegations of paragraph 68 of the First Amended Complaint.

69.     Defendant admits that the mortgage documents Pinnacle prepared for closing on November 5, 2008, included a new promissory note and a mortgage modification. Defendant further admits that the mortgage modification stated that it secured Note #6080009946 in the original amount of $2,797,500. Defendant further admits Tilden signed the mortgage

modification, which Pinnacle later recorded. Defendant further admits Tilden never signed the Note. Except as specifically stated herein, Defendant denies the remaining allegations of paragraph 69 of the First Amended Complaint.

70.     Defendant admits that it sent a copy of the unsigned Note #6080009946 along with other documents to Frontier CDC. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 70 of the First Amended Complaint.

71.     **Left out of First Amended Complaint.**

72.     **Left out of First Amended Complaint.**

73.     Defendant admits that the loan balance was not reduced to the amount specified in the Authorization.  Except as specifically stated herein, Defendant denies the remaining allegations of paragraph 73 of the First Amended Complaint.

74.     Defendant denies the allegations of paragraph 74 of the First Amended Complaint.

75.     Defendant denies the allegations of paragraph 75 of the First Amended Complaint.

76.     Defendant denies the allegations of paragraph 76 of the First Amended Complaint.

77.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 77 of the First Amended Complaint.

78.     Defendant admits that on or about November 24, 2008 Defendant made a $8,781.14 loan to Columbine to pay property taxes on the hotel. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 78 of the First Amended Complaint.

79.     Defendant admits that it did not disclose its loan to Columbine for payment of property taxes to Frontier CDC or the SBA at the time of the loan. Except as specifically admitted herein, Defendant denies any the remaining allegations of paragraph 79 of the First Amended Complaint.

80.     Defendant admits the allegations contained in paragraph 80 of the First Amended Complaint.

81.     Defendant denies the allegations of paragraph 81 of the First Amended Complaint.

82.     Defendant admits that the best evidence of the terms and conditions of the Construction Loan and the HELOC are the written Agreements entered into by the parties. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 82 of the First Amended Complaint.

83.     Defendant admits it did not disclose the alleged loan modifications to Frontier CDC or the SBA at the time of the modifications. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 83 of the First Amended Complaint.

84.     Defendant denies the allegations of paragraph 84 of the First Amended Complaint.

85.     Defendant is without sufficient knowledge and information and therefore denies the allegations that Frontier CDC recommended final loan approval to the SBA based on a review of the borrower's financial statements that were current as of September 30, 2008. Defendant denies the remaining allegations of paragraph 85 of the First Amended Complaint.

86.     Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 86 of the First Amended Complaint.

87. Defendant admits that the Third Party Lender Agreement is the best evidence of its terms and conditions. Except as specifically stated herein, Defendant denies the remaining allegations of paragraph 87 of the First Amended Complaint.

88. Defendant admits that the Interim Lender Certification is the best evidence of its terms and conditions. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 88 of the First Amended Complaint.

89. Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 89 of the First Amended Complaint.

90. Defendant is without sufficient knowledge and information and therefore denies the allegations of paragraph 90 of the First Amended Complaint.

91. Defendant denies the allegations of paragraph 91 of the First Amended Complaint.

92. Defendant denies the allegations of paragraph 92 of the First Amended Complaint.

93. Defendant denies the allegations of paragraph 93 of the First Amended Complaint.

94. Defendant denies the allegations of paragraph 94 of the First Amended Complaint.

95. Defendant denies the allegations of paragraph 95 of the First Amended Complaint.

96. Defendant denies the allegations of paragraph 96 of the First Amended Complaint.

## ANSWER TO FIRST CAUSE OF ACTION
(False Claims Act: Presentation of False Claims)

97.     Defendant incorporates by reference and re-alleges each of its responses in the preceding paragraphs, as if fully set forth herein.

98.     Defendant denies the allegations of paragraph 98 of the First Amended Complaint.

99.     Defendant denies the allegations of paragraph 99 of the First Amended Complaint.

## ANSWER TO SECOND CAUSE OF ACTION
(False Claims Act: Making or Using False Record or Statement)

100.    Defendant incorporates by reference and re-alleges each of its responses in the preceding paragraphs, as if fully set forth herein.

101.    Defendant denies the allegations of paragraph 101 of the First Amended Complaint.

102.    Defendant denies the allegations of paragraph 102 of the First Amended Complaint.

## ANSWER TO THIRD CAUSE OF ACTION
(FIRREA: Making False Statement to the SBA)

103.    Defendant incorporates by reference and re-alleges each of its responses in the preceding paragraphs, as if fully set forth herein.

104.    Defendant denies the allegations of 104 of the First Amended Complaint.

105.    Defendant denies the allegations of 105 of the First Amended Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION
(Unjust Enrichment)

106.    Defendant incorporates by reference and re-alleges each of its responses in the preceding paragraphs, as if fully set forth herein.

107.    Defendant denies the allegations of 107 of the First Amended Complaint.

108.    Defendant denies the allegations of 108 of the First Amended Complaint.

109.    Defendant denies the allegations of 109 of the First Amended Complaint.


## AFFIRMATIVE DEFENSES

1.    Plaintiff's First Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

2.    Defendant did not owe any legal duty to Plaintiff, and cannot be held liable under the allegations of the First Amended Complaint.

3.    Plaintiff's alleged damages, if any, were caused or contributed to by the negligence, breach of duty, conduct or fault of persons, firms, corporations or entities, over whom Defendant has no control, or right to control and for whom it is not responsible.

4.    Plaintiff's alleged damages, if any, were the proximate result of independent and intervening or superseding acts, conduct, fault, negligence, breach of duty, and/or misconduct of persons or entities other than Defendant, including Sam Tilden, his affiliates, and Frontier CDC, over whom Defendant had neither control nor responsibility and whose actions were not caused by Defendant and cannot be imputed to Defendant.

5.    The alleged contract, if any, is invalid and unenforceable for lack of privity of contract between Plaintiff and Defendant.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and delay.

7.      Plaintiff's claims are barred, in whole or in part, because the original realtor plaintiff, borrower Columbine, guarantor Tilden, Frontier CDC, and/or the SBA, have unclean hands.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

10.     Plaintiff's claims are barred, in whole or in part, because of its failure to plead fraud with particularity as required by FRCP Rule 9 (b).

11.     Plaintiff's claims are barred in whole or in part, by the doctrines of satisfaction, settlement and/or release.

12.     Plaintiff's claims are barred, in whole or in part because of its failure to mitigate its damages.

13.     Plaintiff's claims are barred by the absence of the required fraudulent intent, and/or because Defendant did not act knowingly, within the meaning of the False Claims Act.

14.     Plaintiff's FIRREA claims are barred by the absence of criminal acts, and/or by the absence of criminal intent, as legally required.

15.     Plaintiff's claim for punitive damages is barred by, or in violation of, the Constitution of the United States and the State of Wyoming, as well as Wyoming statutes.

16.     The contracts as alleged are unenforceable due to mistake.

17.     The alleged contracts, if any, are invalid and unenforceable due to fraud in the inducement.

18.     Plaintiff's claims are barred in whole or in part, because the government had

actual or constructive knowledge of the relevant facts, and therefore, Defendant's representations and certifications were not false or knowingly false, and alternatively, the government was not defrauded.

19.     Plaintiff's claim for unjust enrichment is barred by the existence of express contracts between the parties.

20.     Plaintiff's claims are barred to the extent it pleads False Claim Act violations based on statements by Defendant which involve opinion or future assertions.

21.     Plaintiff's claims are barred to the extent it pleads duplicative recovery, including without limitation duplicative multiples of damage and penalties arising from the same alleged conduct, and Plaintiff's claims are therefore subject to the doctrine of election of remedies.

22.     Defendant's actions were taken in good faith and not with any improper or illegal purpose, intent or knowledge.

23.     Defendant reasonably believed, and continues to believe, that any and all transactions referred to in the First Amended Complaint complied with all applicable laws and regulations.

24.     Penalties and treble damages authorized under the False Claims Act and FIRREA so exceed any actual loss incurred by the United States, as a result of any claims paid, that the Acts as promulgated, violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and similar clauses of the constitutions of the applicable States, and are therefore void.

25.     The government has ratified the alleged conduct of the Defendant complained of in the First Amended Complaint by failing to take any action despite its knowledge of the conduct.

26.     Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

27.     Any inaccurate or incorrect claims or certifications were not made by the Defendant, and Defendant did not cause the claims to be filed.

28.     The acts complained of were not a condition of payment by the government, nor did they create a condition of payment by the government.

29.     The alleged conduct of the Defendant was not material to the payment of any false or fraudulent claim, including without limitation because the SBA would have closed the loan and funded the debenture, even with knowledge of the information alleged in the First Amended Complaint.

30.     The content of any amendments to the False Claims Act or FIRREA, first effective after November 5, 2008, are inapplicable to this matter.

31.     Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that such affirmative defenses would be appropriate. Defendant further reserves its right to amend this Answer, if necessary.


WHEREFORE, Defendant Pinnacle Bank - Wyoming denies that Plaintiff is entitled to any equitable or legal relief or damages from Defendant and requests that the Court Dismiss Plaintiff's claims and enter a Judgment in favor of Defendant, including an award of Defendant's attorneys' fees and costs incurred in this action, together with all such other relief as this Court deems reasonable and just.

DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS.

Dated January 21, 2014.

Respectfully submitted,

By:   /s/ Michael A. LaBazzo
      MICHAEL A. LABAZZO (6-4297)
      Law Offices of Michael A. LaBazzo, LLC
      1285 Sheridan Avenue, Suite 220
      Cody, WY 82414
      (307) 587-6115
      mlabazzo@bresnan.net

      STEVEN D. DAVIDSON
      BAIRD HOLM, LLP
      1700 Farnam Street, Suite 1500
      Omaha, NE 68102
      (402) 636-8227
      sdavidson@bairdholm.com

      *Attorneys for Defendant Pinnacle Bank – Wyoming*

## CERTIFICATE OF SERVICE

I, Michael A. LaBazzo, hereby certify that I served a true and correct copy of this Defendant  Pinnacle Bank – Wyoming's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint in Intervention upon the following named parties via electronic filing notice and by mail, postage prepaid on the 21st day of January, 2014.

Christopher A. Crofts
United States Attorney
Mark A. Klaassen
C. Levi Martin
Assistant United States Attorneys
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003

By:    /s/ Michael A. LaBazzo
       *MICHAEL A. LABAZZO*
       *Attorney for Defendant*